UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL NO. 24-cr-00062 (ABJ) |
| v. | : | |
| | : | |
| DONALD ZEPEDA, | : | |
| | : | |
| Defendant. | : | |

**JOINT STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA**

I. **Elements of the Offense**

Defendant Donald Zepeda is charged with a single count of Destruction of Government Property, in violation of 18 U.S.C. § 1361 which is Count Two of the February 22, 2024 Superseding Indictment. The essential elements of the offense of Destruction of Government Property, in violation of 18 U.S.C. § 1361, each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant injured or damaged, or attempted to injure or damage property;

2. That the property belonged to the United States, or any department or agency of the United States;

3. In the commission of the offense, property was damaged in an amount exceeding $1,000; and

4. The defendant acted knowingly and voluntarily, and without mistake or accident.

II. **Penalties for the Offense**

The penalties for Destruction of Government Property, in violation of 18 U.S.C. § 1361 are:

(A)   a term of imprisonment of not more than ten years;

1

    (B)    a fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;

    (C)    a term of supervised release of not more than three years; and,

    (D)    a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

### III.  The Government's Calculation of the Applicable Guidelines

The Government estimates that the following Sentencing Guidelines sections apply:

| Destruction of Government Property (18 U.S.C. § 1361) | | |
|---|---|---|
| Base Offense Level | 8 | §2B1.5(a) |
| Value > $25M, <$65M | +22 | §2B1.5(b)(1), §2B1.1(b)(1)(M) |
| Cultural heritage resource was from a museum | +2 | §2B1.5(b)(2) |
| Total: | 32 | |

Therefore, the Total Estimated Offense Level is 32.

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that Defendant Zepeda clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through Defendant Zepeda's allocution and conduct between entry of the plea and imposition of sentence. Furthermore, assuming Defendant Zepeda has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1(b).

Based upon the information now available, the Government believes Defendant Zepeda has the following criminal convictions:

| Charge/Court | Sentence | Points |
|---|---|---|
| October 13, 2022: Damage to Historical/Memorial Property (2022 CF 000195 A001, Leon County, Florida) | 7 Days Imprisonment | 1 Point |
| April 18, 2023: Crowding, Obstructing, or Incommoding (2022 CFC 000450, Washington, D.C.), | 20 days suspended sentence | 1 Point |
| June 20, 2022: Resisting Arrest, Unlawful Assembly (2021MM003226AX, Manatee County, Florida) | 6 months probation | 1 Point |
| January 20, 2022: Trespass Upon School Grounds (21-CM-007218-A, Tampa, Florida) | $389 fine | 0 Points |
| January 27, 2023: Trespassing – School Grounds (50-2021-MM-003083-AX, Palm Beach County, Florida) | $423 fine | 0 Points |
| June 18, 2021: Petit Theft (50-2021-MM-001625-AX, Leon County, Florida) | 57 days imprisonment | 1 Point |
| October 16, 2019: Burglary (199019784, Skagit County, WA) | 60 days imprisonment | 2 Points |

Accordingly, the Government estimates Defendant Zepeda to have 6 criminal history points and to be within Criminal History Category is estimated to be III.   Further, Defendant Zepeda is not eligible for a zero-point offender adjustment pursuant to U.S.S.G. § 4C1.1(a)(1).

Based upon the Estimated Offense Level and the Estimated Criminal History Category set forth above, Defendant Zepeda's estimated Sentencing Guidelines range is 108 to 135 months.   However, because the statutory maximum for the offense is 120 months, the range would be 108 to 120 months. In addition, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 29, the estimated applicable fine range is $30,000 to $300,000.

IV. **Defendant's Calculation of the Applicable Guidelines**

| | |
|---|---|
| Defendant submits that the appropriate guideline section is 2B1.1(a)(2) (offense maximum penalty is less than 20 years) | **Base Offense Level** |
| | 6 |
| Enhancement based on amount of Loss (over $50,000) | 6 |
| **Total Offense Level** | **12** |
| Acceptance of Responsibility (offense level less than 16 so only reduced by two levels) | - 2 |
| **FINAL OFFENSE LEVEL** | **10** |

Criminal History III (5 points – Petty Theft Offense listed is not Mr. Zepeda)

**GUIDELINE RANGE**:               **10 – 16 months**

Respectfully Submitted

Matthew M. Graves
United States Attorney

BY: */s/ Cameron A. Tepfer*
Cameron A. Tepfer
Assistant United States Attorney

BY: */s/ Stephen F. Brennwald*
Stephen F. Brennwald
Attorney for Defendant Zepeda